USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Application of CTS Research, Inc. for an
Order Directing Discovery from Coinbase Inc.
Pursuant to 28 U.S.C. § 1782

---

25-mc-365 (MKV)

ORDER GRANTING IN PART
AND DENYING IN PART
MOTIONS FOR DISCOVERY
IN AID OF FOREIGN PROCEEDING
PURSUANT TO 28 U.S.C. § 1782

MARY KAY VYSKOCIL, United States District Judge:

Petitioner CTS Research, Inc. initiated this miscellaneous action by filing an *ex parte* petition for assistance in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782, seeking leave to serve a particular subpoena upon Respondent Coinbase Inc. ("Coinbase") [ECF Nos. 1 ("Pet."), 2, 2-2, 6]. Petitioner thereafter moved, *ex parte*, for leave to serve a second, broader subpoena upon Coinbase [ECF Nos. 7, 8, 8-3, 9].

Petitioner seeks discovery reportedly in aid of litigation pending in Supreme Court of British Columbia, bearing the caption *CTS Research, Inc. vs. Zachary Storm Williams*, No. VLC-S-S-255851 (the "Canada Action"). Pet. ¶ 1. Petitioner represents that it "intends" to name another individual, Nathan Allen Pirtle, as a defendant in the Canada Action. *Id.* Petitioner contends that Williams and Pirtle conspired with numerous others to defame Petitioner on social media. *See id.* ¶¶ 2–5. Petitioner further contends that Williams, Pirtle, and the other alleged co-conspirators exchanged payments via Coinbase. *Id.* ¶ 8.

Petitioner filed on the docket only redacted versions of the subpoenas it seeks to serve. As such, the Court directed Petitioner to submit unredacted versions of the subpoenas to the Court [ECF No. 10]. Petitioner submitted unredacted documents (the "First Subpoena" and the "Second Subpoena") to the Court via email on November 19, 2025, noting that its proposed Second Subpoena is different from the redacted document at docket entry 8-3.

The Court has carefully reviewed the First Subpoena, the Second Subpoena, and the papers Petitioner has submitted in support of its motions for discovery in aid of a foreign proceeding in light of both (1) the statutory requirements of 28 U.S.C. § 1782, and (2) the discretionary factors identified by the Supreme Court of the United States in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). While the Fist Subpoena satisfies both the statutory requirements and the *Intel* factors, the Second Subpoena does not satisfy all of the *Intel* factors. In particular, the Second Subpoena is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. It seeks "[a]ll transactions (both incoming and outgoing) in connection with any cryptocurrency accounts and/or wallets held under the names" of numerous individuals who are not parties to the Canada Action, without any limitation tying the transactions about which Petitioner seeks information to the alleged defamation conspiracy. As such, the Second Subpoena must be "rejected or trimmed." *Intel Corp.*, 542 U.S. at 265.

Accordingly, IT IS HEREBY ORDERED that Petitioner is granted leave to serve this Order and the First Subpoena upon Respondent Coinbase Inc.

IT IS FURTHER ORDERED that that Coinbase Inc. shall comply with such subpoena in accordance with and subject to its rights under the Federal Rules of Civil Procedure and the Rules of this Court.

Petitioner's motion for leave to serve the Second Subpoena is DENIED. Any motion to serve a more limited version of the subpoena shall be filed by December 29, 2025.

The Clerk of Court respectfully is requested to terminate the motions at ECF Nos. 1, 7, 8.

**SO ORDERED.**

Date:  **December 9, 2025**             **MARY KAY VYSKOCIL**
        **New York, NY**                  **United States District Judge**